UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-81011-CIV-DAMIAN/Matthewman

**ERIC JAMES ECHEVARRIA**,

      Plaintiff,

v.

**DELRAY BEACH POLICE DEPARTMENT,
MATTHEW SARACENI, CARLOS PENAGOS,
and LUGO FERNANDEZ**,

      Defendants.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Defendants, Delray Beach Police Department, Matthew Saraceni, Carlos Penagos, and Lugo Fernandez's ("Defendants"), Joint Motion to Dismiss Plaintiff's Complaint [ECF No. 13] ("Motion"), filed October 15, 2024. The Motion was referred for appropriate disposition to United States Magistrate Judge William Matthewman. [ECF No. 19]. On December 26, 2024, Magistrate Judge Matthewman issued a Report and Recommendation recommending that the Motion be granted, and that Plaintiff's Complaint be dismissed with prejudice. [ECF No. 24] ("Report"). Plaintiff, Eric James Echevarria, appearing *pro se*, filed objections to the Report. The matter is now ripe for review.

THE COURT has considered the Report, Plaintiff's objections, the parties' briefing, the record in this case, and relevant authorities and is otherwise fully advised.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b)(3). When a magistrate judge's "disposition" is properly objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). A proper objection "identifie[s] specific findings set forth in the R&R and articulate[s] a legal ground for objection." *Leatherwood v. Anna's Linens Co.*, 384 F. App'x 853, 857 (11th Cir. 2010) (citation omitted). "Frivolous, conclusive, or general objections need not be considered by the district court." *Id*. (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (internal quotation marks and other citation omitted)); *see also Russell v. United States*, No. 11-20557-Civ, 2012 WL 10026019, at *1 (S.D. Fla. Apr. 17, 2012) (declining to address general or blanket objections not specifically identifying aspects of the Magistrate Judge's report to which the petitioner objected). Since Plaintiff filed timely objections,[1] this Court has reviewed the record *de novo*.

As set forth in the Report, Magistrate Judge Matthewman makes the following findings and conclusions of law: (1) Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction; (2) the Complaint should be dismissed as a shotgun pleading; and (3) Defendants Sarceni, Penagos, and Fernandez are entitled to qualified immunity. Upon a *de novo* review of the record in this case, this Court agrees and accepts the Magistrate Judge's well-reasoned findings and conclusions of law.

This Court fully agrees with the analysis in Judge Matthewman's Report and adopts the conclusions stated therein. The Court briefly notes that Plaintiff's objections do not address the Report or any of the Magistrate Judge's conclusions. Instead, Plaintiff appears to

---

[1] The Report required the parties to file objections within "fourteen (14) days from the date of being served" with a copy of the Report. Plaintiff indicates that he received a copy of the Report on December 31, 2024. [ECF No. 26-1]. Plaintiff filed his objections on January 13, 2025. [ECF No. 26].

raise arguments previously brought before Magistrate Judge Matthewman. To the extent Plaintiff presents new arguments that could have been raised before the Magistrate Judge, those objections are overruled. *See Williams v. McNeil*, 557 F.3d 1287, 1291-92 (11th Cir. 2009) (explaining that requiring district courts to consider new arguments raised in objections would "eliminate efficiencies gained through the Magistrates Act and would unfairly benefit litigants who could change their tactics after issuance of the magistrate judge's report and recommendation").

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report **[ECF No. 24]** is **AFFIRMED AND ADOPTED**.

2. Defendants' Joint Motion to Dismiss **[ECF No. 13]** is **GRANTED**.

3. For the reasons stated in Judge Matthewman's Report, Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITH PREJUDICE.**

4. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida this 7th day of March, 2025.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Eric James Echevarria, *Pro Se*
      Counsel of record